UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
------------------------------------------------------------------X
BRIAN DAVIS,

          Plaintiff,

  -against-

UBER TECHNOLOGIES, INC.,

          Defendant.
------------------------------------------------------------------X

Civil Action No. 2:16-CV-6122

**AMENDED COMPLAINT**

Plaintiff Demands A
Trial by Jury

Plaintiff, BRIAN DAVIS, as and for his Complaint against UBER TECHNOLOGIES, INC. respectfully alleges upon information and belief as follows:

### NATURE OF THE CASE

1. Plaintiff complains pursuant to the American with Disabilities Act of 1990, 42 U.S.C. § 12101 *et. seq* ("ADA"), the Pennsylvania Human Relations Act, as amended, 43 P.S. §§ 951, *et. seq.* ("PHRA"), and the Philadelphia Fair Practices Ordinance, § 9-1100 *et. seq.* ("PFPO")*,* and seeks damages to redress the injuries Plaintiff has suffered as a result of being Discriminated against, retaliated against, and terminated by his employer solely due to his Disability.

### JURISDICTION AND VENUE

2. Jurisdiction of this action is conferred upon the court as this action involves a Federal Question under the Americans with Disabilities Act of 1990. The Court also has supplemental jurisdiction over the State and City Causes of Action.

3. Venue is proper in this district based upon Defendants' principal place of business within the County of Philadelphia, Commonwealth of Pennsylvania, within the Eastern District of Pennsylvania. Additionally, the Defendants' conduct business and the events took place in Philadelphia, Pennsylvania within the Eastern District of Pennsylvania.

4. On or about February 1, 2016, Plaintiff filed charges with the EEOC against Defendants as set forth herein.

5. Plaintiff's claim was dual filed and is currently pending with the Pennsylvania Human Relations Commission ("PHRC") and the Philadelphia Commission on Human Rights ("PCHR").

6. On or about August 30, 2016, the Equal Employment Opportunity Commission issued Plaintiff his right to sue.

7. This action is being commenced within 90 days of receipt of the EEOC Right to Sue Letter.

8. This action is being commenced more than one (1) year from the date on which Plaintiff filed his complaint with the PCHR and PHRC.

9. Plaintiff has exhausted all administrative requirements.

## PARTIES

10. Plaintiff BRIAN DAVIS (hereinafter also referred to as Plaintiff and "DAVIS") is an individual, disabled male who is a citizen of and resides in Philadelphia County, in the Commonwealth of Pennsylvania.

11. That at all times herein mentioned, Defendant Uber Technologies, Inc. ("UBER") was and still is a foreign business corporation organized and existing by virtue of the laws of the State of Delaware and authorized to do business in the Commonwealth of Pennsylvania.

12. At all times herein mentioned, Defendant UBER. operates a business located at 7821 Bartram Ave, Philadelphia, Pennsylvania 19153.

13. At all times herein mentioned, Defendant UBER is a global technology company that provides an accessible driving service, connecting drivers and riders via a mobile phone application.

14. At all times material, Plaintiff DAVIS was an employee of Defendant UBER.

## MATERIAL FACTS

15. In or around 1992, Plaintiff Davis was involved in a severe motorcycle accident. Plaintiff Davis was in a coma for six weeks and diagnosed with a traumatic brain injury.

16. Traumatic brain injury occurs as a result of external mechanical forces which cause brain dysfunction, such as a violent blow or jolt to the head. Commonly, severe traumatic brain injury can result in bruising, torn tissues, bleeding from the brain and other physical damage that can be long term. Furthermore, common permanent cognitive or mental symptom include coma, disorders of consciousness, agitations and other unusual behaviors, profound confusions, and slurred speech.

17. Despite extensive therapy, Plaintiff is substantially limited and has noticeable and permanent slurred speech that impacts his ability to effective communicate with other people. As a result of his slurred speech, Plaintiff is regularly asked if he is intoxicated.

18. In or around Summer 2015, Plaintiff Davis completed an application and began working as a driver for Defendant UBER. Plaintiff drove approximately eight (8) hours per day, five (5) days per week, during which time he accepted seven (7) trips per day.

19. Plaintiff was informed that Defendant UBER conducted a comprehensive background check which he had successfully passed.

20. In or around October 2015, Plaintiff accepted a trip and proceeded to pick up a man and woman. When the couple entered his car and began talking with Plaintiff Davis, the couple immediately assumed that Plaintiff Davis was intoxicated and left his car to get a taxi instead. Plaintiff Davis made numerous attempts to explain that he had a speech impediment but was not successful.

21. On or around November 1, 2015, Defendant UBER told Plaintiff Davis they were notified of a "situation" during a recent trip and that as a result, they were suspending his employment to conduct an investigation.

22. Plaintiff immediately contacted Defendant's Philadelphia headquarters and informed them of his disability and the details of what had transpired during the above trip. Plaintiff Davis reassured Defendant that he has never nor would he ever drink during his job.

23. Plaintiff asked Defendants to provide him a reasonable accommodation and understand that his disability causes his speech impediment.

24. On or around November 5, 2015, Defendant UBER wrongfully terminated Plaintiff Davis.

25. Defendant UBER wrongfully terminated Plaintiff David because of his disability, because of his request for a reasonable accommodation, and because he opposed the unlawful practices of Defendants.

26. That as a result of Defendant UBER's conduct, Plaintiff GILBERT was caused to sustain serious and permanent personal injuries, including permanent psychological injuries.

27. Plaintiff suffers from regular panic attacks and nightmares relating to Defendant's conduct.

28. As a result of Defendant's actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed and emotionally distressed.

29. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff also suffered future pecuniary losses, emotional pain, humiliation, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

30. As Defendant's conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages as against Defendant.

31. The above are just some examples, of some of the discrimination and retaliation to which Defendant subjected Plaintiff.

32. Defendants have exhibited a pattern and practice of not only discrimination but also retaliation.

## AS A FIRST CAUSE OF ACTION FOR DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT

33. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

34. Plaintiff claims Defendants violated the Americans with Disabilities Act of 1990 (Pub. L. 101-336) (*ADA*), as amended, as these titles appear in volume 42 of the United States Code, beginning at section 12101.

35. Title 42 of the Americans with Disabilities Act of 1990, Chapter 126, Subchapter I, Section 12112, Discrimination [Section 102] states: "(a) General rule. - No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

36. Defendants engaged in an unlawful discriminatory practice by discriminating against Plaintiff because of his disability.

37. As such, Plaintiff has been damaged as set forth herein.

## AS A SECOND CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW

38. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

39. The PHRA § 955 provides that it shall be an unlawful discriminatory practice: "(a) For any employer because of the race, color, religious creed, ancestry, age, sex, national origin or non-job related handicap or disability or the use of a guide or support animal because of the blindness, deafness or physical handicap of any individual or independent contractor, to refuse to hire or employ or contract with, or to bar or to discharge from employment such individual or independent contractor, or to otherwise discriminate against such individual or independent contractor with respect to compensation, hire, tenure, terms, conditions or privileges of employment or contract, if the individual or

independent contractor is the best able and most competent to perform the services required."

40. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of his disability.

41. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of the PHRA § 955.

## AS A THIRD CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW

42. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

43. PHRA § 955(d) provides that it shall be an unlawful discriminatory practice: " For any person, employer, employment agency or labor organization to discriminate in any manner against any individual because such individual has opposed any practice forbidden by this act, or because such individual has made a charge, testified or assisted, in any manner, in any investigation, proceeding or hearing under this act."

44. Defendants engaged in an unlawful discriminatory practice by discharging, retaliating, and otherwise discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

## AS A FOURTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE PHILADELPHIA CITY ADMINISTRATIVE ORDINANCE

45. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

46. The Philadelphia Fair Practices Ordinance § 9-1103(1) provides that "It shall be an unlawful discriminatory practice:  "It shall be an unlawful employment practice to deny or interfere with the employment opportunities of an individual based upon his or her race, ethnicity, color, sex (including pregnancy, childbirth, or a related medical condition), sexual orientation, gender identity, religion, national origin, ancestry, age, disability, marital status, familial status, genetic information, or domestic or sexual violence victim status, including, but not limited to, the following: (a) For any employer to refuse to hire, discharge, or otherwise discriminate against any individual, with respect to tenure, promotions, terms, conditions or privileges of employment or with respect to any matter directly or indirectly related to employment."

47. Defendants engaged in an unlawful discriminatory practice in violation of Philadelphia Fair Practices Ordinance § 9-1103(1) by creating and maintaining discriminatory working conditions, and otherwise discriminating against Plaintiff because of Plaintiff's disability.

48. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Philadelphia Fair Practices Ordinance Chapter 9-1100.

### AS A FIFTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE PHILADELPHIA CITY ADMINISTRATIVE ORDINANCE

49. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

50. The Philadelphia Fair Practices Ordinance § 9-1103(1)(g) provides that it shall be unlawful discriminatory practice: " For any person to harass, threaten, harm, damage, or otherwise penalize, retaliate or discriminate in any manner against any person because he, she or it has complied with the provisions of this Chapter, exercised his, her or its rights

under this Chapter, enjoyed the benefits of this Chapter, or made a charge, testified or assisted in any manner in any investigation, proceeding or hearing hereunder"

51. Defendants engaged in an unlawful discriminatory practice in violation of Philadelphia Fair Practices Ordinance § 9-1103(1)(g) by discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, in an amount to be determined at the time of trial plus interest, including but not limited to all emotional distress and back pay and front pay, punitive damages, liquidated damages, statutory damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated: Philadelphia, Pennsylvania
March 9, 2017

DEREK SMITH LAW GROUP, PLLC
Attorneys for Plaintiffs

By: _____
Caroline H. Miller, Esq.
1845 Walnut Street, Suite 1600
Philadelphia, Pennsylvania 19103
(215) 391-4790