UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
-----------------------------------------------------------------X
BRIAN DAVIS,

                                                                                     Hon. Michael M. Baylson, U.S.DJ.

                            Plaintiff,          Civil Action No. 2:16-CV-6122

        -against-


UBER TECHNOLOGIES, INC.,

                            Defendant.
-----------------------------------------------------------------X


## PLAINTIFF, BRIAN DAVIS' OPPOSITION TO DEFENDANT UBER TECHNOLOGIES, INC.'S MOTION TO DISMISS

**DEREK SMITH LAW GROUP, PLLC**
Attorneys for Plaintiffs
Caroline H. Miller, Esq.
1845 Walnut Street, Suite 1600
Philadelphia, Pennsylvania 19103
(215) 391-4790

## PROCEDURAL HISTORY

Plaintiff, Brian Davis, commenced this action on November 22, 2016 and subsequently filed his Amended Complaint on March 10, 2017. The complaint raises issues relating to Defendant's violations of Plaintiff Civil rights under the American with Disabilities Act of 1990, 42 U.S.C. § 12101 *et. seq* ("ADA"), the Pennsylvania Human Relations Act, as amended, 43 P.S. §§ 951, *et. seq.* ("PHRA"), and the Philadelphia Fair Practices Ordinance, § 9-1100 *et. seq.* ("PFPO")*,* and seeks damages to redress the injuries Plaintiff has suffered as a result of being Discriminated against, retaliated against, and terminated by his employer solely due to his Disability.

Defendants responded to the complaint by filing this instant motion. Defendants argue that all issues pertaining to Plaintiff's employment with the Defendant is subject to an arbitration clause requiring dismissal of this action in favor of binding arbitration.

## SUMMARY OF FACTS

In or around 1992, Plaintiff Davis was involved in a severe motorcycle accident. Plaintiff Davis was in a coma for six weeks and diagnosed with a traumatic brain injury. Traumatic brain injury occurs as a result of external mechanical forces which cause brain dysfunction, such as a violent blow or jolt to the head. Commonly, severe traumatic brain injury can result in bruising, torn tissues, bleeding from the brain and other physical damage that can be long term. Furthermore, common permanent cognitive or mental symptom include coma, disorders of consciousness, agitations and other unusual behaviors, profound confusions, and slurred speech.

Despite extensive therapy, Plaintiff is substantially limited and has noticeable and permanent slurred speech that impacts his ability to effective communicate with other people. As a result of his slurred speech, Plaintiff is regularly asked if he is intoxicated.

In or around Summer 2015, Plaintiff Davis completed an application and began working as a driver for Defendant UBER. Plaintiff drove approximately eight (8) hours per day, five (5) days per week, during which time he accepted seven (7) trips per day. Plaintiff was informed that Defendant UBER conducted a comprehensive background check which he had successfully passed. Upon beginning his employment with the Defendant, Plaintiff signed up to use the Uber App to connect with potential passengers.

In or around October 2015, Plaintiff accepted a trip and proceeded to pick up a man and woman. When the couple entered his car and began talking with Plaintiff Davis, the couple immediately assumed that Plaintiff Davis was intoxicated and left his car to get a taxi instead. Plaintiff Davis made numerous attempts to explain that he had a speech impediment but was not successful. On or around November 1, 2015, Defendant UBER told Plaintiff Davis they were notified of a "situation" during a recent trip and that as a result, they were suspending his employment to conduct an investigation. Plaintiff asked Defendants to provide him a reasonable accommodation and understand that his disability causes his speech impediment.

On or around November 5, 2015, Defendant UBER wrongfully terminated Plaintiff Davis. Plaintiff immediately contacted Defendant's Philadelphia headquarters and informed them of his disability and the details of what had transpired during the above trip. Plaintiff Davis reassured Defendant that he has never nor would he ever drink during his job. Defendant UBER wrongfully terminated Plaintiff David because of his disability, because of his request for a reasonable accommodation, and because he opposed the unlawful practices of Defendants.

That as a result of Defendant UBER's conduct, Plaintiff GILBERT was caused to sustain serious and permanent personal injuries, including permanent psychological injuries. Plaintiff suffers from regular panic attacks and nightmares relating to Defendant's conduct. As a result of Defendant's actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed and emotionally distressed.

**LEGAL ARGUMENT**

**I. Standard of Review**

Where a complaint directly references or directly contests an arbitration agree, it is understood that Fed. R. Civ. P. 12(b)(6) governs the motion to dismiss. Guidotti v. Legal Helpers Debt Resolution, L.L.C., 716 F.3d 764, 773 (3d Cir. 2013)("Before a party to a lawsuit can be ordered to arbitrate and thus be deprived of a day in court, there should be an express, unequivocal agreement to that effect). Where arbitrability is not apparent, then the court should apply the summary judgment standard under Fed. R. Civ. P. 56. Id. at 776.

The complaint discussed herein does not reference an arbitration agreement and therefore, this Court, in accordance with Fed. R. Civ. P. 56, must conduct an inquiry intro the issues of fact to determine whether the parties agreed to arbitration. The Court should not grant Defendant's motion as there is no "genuine factual dispute as to the validity of the agreement." Guidotti v. Legal Helpers Debt Resolution, L.L.C., 74 F.Supp. 3d 699, 708 (D.N.J. 2014). In accordance with Guidotti, "the Court must view the evidence in the light most favorable to [Plaintiff], and must provide [Plaintiff] with the benefit of all reasonable inferences." Id.

Ultimately, In determining whether to compel arbitration under the FAA, only two "gateway" issues need to be evaluated: (1) whether there is a valid agreement to arbitrate

between the parties; and (2) whether the agreement covers the dispute. *PacifiCare Health Sys., Inc. v. Book*, 538 U.S. 401, 407 n.2 (2003). Here, the Arbitration Agreement in question is not only invalid, but does not cover the dispute in question.

I. **Defendant's Arbitration Agreement is Unconscionable**

An arbitration agreement is not enforceable when it is unconscionable. See *Gillman v. Chase Manhattan Bank*, 73 N.Y.2d 1, 10 (1988). An arbitration agreement is unconscionable where there is "an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party." *Id*. While determinations of unconscionability are ordinarily based on a conclusion that both the procedural and substantive components are present, there have been exceptional cases where a provision of the contract is so outrageous as to warrant holding it unenforceable on the ground of substantive unconscionability alone." *Gillman v. Chase Manhattan Bank N.A*., 73 N.Y.2d 1, 12, 534 N.E.2d 824, 537 N.Y.S.2d 787 (1988). *Ragone v. Atlantic Video*, 595 F.3d 115, 122 (2d Cir. N.Y. 2010)

An arbitration agreement is substantively unconscionable where its terms are unreasonably favorable to the party against whom unconscionability is claimed. See *Desiderio v. National Association of Securities Dealers, Inc.*, 191 F.2d 198, 207 (3rd Cir. 1991) *Brennan v. Bally Total Fitness*, 198 F.Supp.2d 377, 382 (S.D.N.Y. 2002). "Substantive elements of unconscionability appear in the context of the contract per se." *Matter of Friedman*, 407 N.Y.S.2d 999, 1008 (N.Y.A.D. 1978). (see *Ragone V. Atlantic Video* at the Manhattan Ctr., 2007 U.S. Dist. Ct. Motions 76084 (S.D.N.Y. Oct. 29, 2007)

The United States Supreme Court has well established that, although statutory claims are subjected to arbitration agreement, "[b]y agreeing to arbitrate a statutory claim, a party does not forgo the substantive rights afforded by the statute; it only submits to their resolution in an

arbitral, rather than a judicial, forum." *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26 (1991), quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 628 (1985).

Contrary to the Supreme Court's admonishment in *Gilmer*, the Arbitration Agreement that Defendants seek to impose in this matter sets forth unconscionable provisions that force Plaintiff to forgo the substantive rights afforded by the statutes that he is suing under, i.e. the ADA, PHRC and the PHRA.

The Defendant's argument lies wholly Plaintiff's signature and the "Opt Out" provision contained within the November 10, 2014, Arbitration Agreement, insisting that Plaintiff accepted the agreement and should thereby be bound to it. The Defendant's motion includes a list of where the arbitration agreement has been enforced previously but conveniently disregards District Court rulings, including one by this Court, where the arbitration provisions were determined to be unenforceable. See O'Connor v. Uber Techs., Inc., No. 13-cv-03826 EMC (N.D. Cal. Dec. 9, 2015.)

Upon review of the same agreement at dispute in this matter, the O'Connor court concluded that the June 2014 *and* November 2014 Arbitration Agreement were unenforceable in their entirety. Id. The court invalidated the entire Arbitration Agreement for clear violations of public policy, thereby insisting that a review of unconscionability was no longer warranted. O'Connor v. Uber Techs., Inc., No. 13-cv-03826 EMC (N.D. Cal. Dec. 9, 2015). The determination of whether an individual "felt free to opt out would likely require an individualized inquiry of the economic means of the driver and the circumstances under which he or she accepted the arbitration agreement. Id.

The above shows a systematic effort to impose an unfair process and terms on Mr. Davis, and a concerted effort to interfere with the exercise of his statutory rights. As such the entire Agreement is "permeated by an unlawful purpose." As a matter of basic equity, Defendant should not be allowed to impose on its employee a "take it or leave" arbitration agreement that is comprised of oppressive and unlawful provisions meant to disadvantage the employee. Defendant should not be rewarded for its overreaching conduct by retaining the benefit of a contract whose main purpose was to unfairly prejudice Mr. Davis.

"Numerous courts, faced with similar circumstances of whether to sever multiple unconscionable provisions, have held the entire agreement unenforceable. *David v. O'Melveny & Meyers*, 485 F.3d 1066, 1084 (9th Cir 2007)(four unconscionable provisions in arbitration agreement cannot be stricken or excised, and given the scope of procedural and substantive unconscionability, the entire agreement is unenforceable); *Simpson v. MSA of Myrtle Beach, Inc.*, 373 S.C. 14, 644 S.E.2d 663 (2007) (Unconscionable provisions in arbitration clause in the adhesion contract between customer and automobile dealership were not severable, but rather, the entire clause was wholly unconscionable and unenforceable based on the cumulative effect of multiple oppressive and one-sided provisions; severing only the offending provisions would not achieve the intent of the parties, but would effectively "rewrite" the contract); *Schwartz v. Alltel Corp.*, 2006 WL 2243649, (Ohio App. 8 Dist., 2006) (The procedural and substantive unconscionability of the arbitration clause in wireless phone service agreement warranted striking the overall agreement, despite the presence of a severability provision purporting to allow all but the invalid provisions to remain in force; the unenforceable portions of the arbitration clause were so overwhelming as to taint the rest of the agreement.); *Abramson v. Juniper Networks, Inc.*, 115 Cal.App.4th 638, 659-660. 9 Cal. Rptr.3d 422, 438-39 (Cal.App. 6

Dist. 2004) (**The fact that an arbitration agreement contains more than one unlawful provision may indicate a systematic effort to impose arbitration on an employee as an inferior forum that works to the employer's advantage, and may warrant the conclusion that the arbitration agreement is permeated by an unlawful purpose, such that severance of the illegal provisions is not warranted**); *Plaskett v. Bechtel International, Inc.*, 243 F.Supp.2d 334, 345 (D. Vi. 2003) (Where arbitration provisions in employment agreement were permeated with unconscionable terms, severance of terms was not appropriate, so as to allow enforcement of arbitration); T*orrance v. Aames Funding Corp.*, 242 F.Supp.2d 862, 876 (D.Or.,2002) (Unconscionable provisions in arbitration agreement between mortgagor and mortgagee were nonseverable, and thus agreement was so permeated with unconscionability as to render agreement invalid; agreement established unified procedure for resolving disputes, and removal of unconscionable provisions regarding limitation on damages, confidentiality, and payment of portion of arbitrator fees would rewrite the contract). (See also *Ragone V. Atlantic Video* at the Manhattan Ctr., 2007 U.S. Dist. Ct. Motions 76084 (S.D.N.Y. Oct. 29, 2007)

## II. Plaintiff's Claim is Not Covered by the Arbitration Agreement

As stated in Defendant's motion, the phrase "arising out of or relating to" an underlying agreement is the opposite of a limiting term: it is language that courts have frequently deemed to be "unlimited" – the broadest sort of all-encompassing language available. *See Southland Corp. v. Keating*, 465 U.S. 1, 15-16 n. 7 (1984); *Battaglia v. McKendry*, 233 F.3d 720, 727 (3d Cir. 2000) ("In sum, when phrases such as 'arising under' and 'arising out of' appear in arbitration provisions, they are normally given broad construction"); *Renfrew Ctrs. v. Uni/Care Sys.*, 920 F. Supp. 2d 572, 574 (E.D. Pa. 2013) ("These cases contain the quintessential broad arbitration provision, that directs to arbitration any controversy or claim 'arising out of' or 'related to' the

agreement"). While the provisions of the Agreement itself does provide for claims arising under the "Americans With Disabilities Act" as well as all similar state statuary and common laws, the agreement itself, as regularly asserted by the Defendant, is to govern the use of Defendant's technology. Provisions 13.1 of the agreement strictly provides as follows:

> Except as otherwise expressly provided herein with respect to [Defendant] acting as the limited payment collection agent solely for the purpose of collecting payment from Users on your behalf, **the relationship between the parties under this Agreement is solely that of independent contractors. The parties expressly agree that: (a) this Agreement is not an employment agreement, nor does it create an employment relationship, between [Defendant] and you;** and (b) no joint venture, partnership, or agency relationship exists between [Defendant] and You.

This provision, designed by Defendant in an attempt to avoid liability as an employer under Federal Laws such as the Americans With Disability Act, is in direct conflict to Provision 15.3(i) in which Defendant's seek to control claims made by Plaintiff, employee, against the Defendant, the employer. No such agreement can be read as valid, where it directly contradicts itself.

## CONCLUSION

In conclusion, because the subject agreement is permeated with unconscionable terms and abrogations of Plaintiff's statutory rights, the subject agreement should be held to be void. Accordingly, it is respectfully submitted that Defendants' motion be denied in its entirety.

Dated: Philadelphia, Pennsylvania
       March 14, 2017

DEREK SMITH LAW GROUP, PLLC
Attorneys for Plaintiffs

By: _____
   Caroline H. Miller, Esq.
   1845 Walnut Street, Suite 1600
   Philadelphia, Pennsylvania 19103
   (215) 391-4790

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
----------------------------------------------------------------X
BRIAN DAVIS,

                              Hon. Michael M. Baylson, U.S.DJ.

              Plaintiff,        Civil Action No. 2:16-CV-6122

    -against-

UBER TECHNOLOGIES, INC.,

             Defendant.
----------------------------------------------------------------X

## CERTIFICATE OF SERVICE

CAROLINE H. MILLER, attorney for Plaintiff, certifies that the foregoing Opposition Brief and Attorney Declaration has been filed Electronically and is available for viewing and downloading from the ECF System. Service has thereby been made on all parties, as follows:

              Paul C. Lantis
          LITTLER MENDELSON, P.C.
           *Attorneys For Defendants*
             Three Parkway
       1601 Cherry street, suite 1400
        Philadelphia, PA 19102-1321


Dated:  Philadelphia, Pennsylvania        DEREK SMITH LAW GROUP, PLLC
         March 14, 2017                  Attorneys for Plaintiffs

                                        By: _____
                                          Caroline H. Miller, Esq.
                                          1845 Walnut Street, Suite 1600
                                          Philadelphia, Pennsylvania 19103
                                          (215) 391-4790