IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BRIAN DAVIS,

    Plaintiff,

v.

UBER TECHNOLOGIES, INC.,

    Defendant.

Case No. 2:16-cv-6122

**Filed via ECF**

## **REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO DISMISS**

Defendant Uber Technologies, Inc.'s motion to dismiss and compel arbitration must be granted. Plaintiff raises no viable arguments in opposition to this result.

As a threshold matter, Plaintiff's opposition is untimely and should be stricken. Defendant filed its motion on February 27, 2017, and Plaintiff's response was therefore due March 13th. Plaintiff did not file his opposition until March 14th, without any prior approval by the Court or stipulation by Defendant. *Miller v. Ashcroft*, 76 F. App'x 457, 463 (3d Cir. 2003) (affirming ruling granting judgment as matter of law to defendant because plaintiff failed to timely submit opposition rebutting legitimate reasons for employment decisions, but noting that even if lower court had considered untimely submission result would not have changed); *see also Eyre v. GB Mortg., LLC*, No. 2:10-CV-717 TS, 2011 WL 2011468, at *2 (D. Utah May 23, 2011) (striking untimely opposition to motion to dismiss).

Nevertheless, even if the Court considers Plaintiff's untimely opposition, the result remains the same: Plaintiff's lawsuit must be dismissed and he must be ordered to arbitration consistent with his agreement with Defendant.

Plaintiff does not dispute the facts of agreement formation, consideration, or any of the other key elements that require dismissal in favor of arbitration here. *See generally* Def.'s Mot., ECF No. 3 at 6-14. Nor does he dispute that he did not exercise his right to opt out of the arbitration agreement. *Id.*

Plaintiff also fails to address, and thereby concedes, the core and threshold principle that the agreement contains a delegation provision delegating the arbitrability of *all* threshold disputes, including the challenges to scope and enforceability Plaintiff raises here, to the arbitrator. *Id.* at 9-11. As stated by the Supreme Court in *Rent-A-Center v. Jackson*, 561 U.S. 63, 72 (2010), because Section 2 of the Federal Arbitration Act ("FAA") "operates on the specific 'written provision' to 'settle by arbitration a controversy' that the party seeks to enforce..." unless the party opposing arbitration "challenge[s] the delegation provision *specifically*, [the court] must treat it as valid under § 2, and must enforce it under §§3 and 4, leaving any challenge to the validity of the Agreement as a whole for the arbitrator." (Emphasis supplied.) Plaintiff raises no challenge to the delegation clause at issue here. He also does not attempt to address substantively, let alone distinguish, the many cases that have specifically enforced the *very same* delegation clause before the Court. *See Lamour v. Uber Techs., Inc.*, No. 16-cv-21449 (S.D. Fla. March 1, 2017); *Scroggins v. Uber Techs., Inc.*, 2017 WL 373299 (S.D. Ind. Jan. 26, 2017); *Gunn v. Uber Techs., Inc.*, 2017 WL 386816 (S.D. Ind. Jan. 27, 2017); *Richemond v. Uber Techs., Inc.*, 2017 WL 416123 (S.D. Fla. Jan. 27, 2017); *Singh*

*v. Uber Techs., Inc.*, 2017 WL 396545 (D. N.J. Jan. 30, 2017); *Zawada v. Uber Techs., Inc.*, 2016 WL 7439198 (E.D. Mich. Dec. 27, 2016); *Marc v. Uber Techs., Inc.,* 2016 WL 7210886 (M.D. Fla. Dec. 13, 2016); *Congdon v. Uber Techs., Inc.,* 2016 WL 7157854 (N.D. Cal. Dec. 8, 2016); *Micheletti v. Uber Techs., Inc.*, 2016 WL 5793799 (W.D. Tex. Oct. 3, 2016); *Lee v. Uber Techs., Inc.*, 2016 WL 5417215 (N.D. Ill., Sept. 21, 2016); *Bruster v. Uber Techs., Inc.,* 2016 WL 2962403 (E.D. Ohio May 23, 2016); *Varon v. Uber Techs., Inc.,* 2016 WL 1752835 (D. Md. May 3, 2016); *Suarez v. Uber Techs., Inc.,* 2016 WL 2348706 (M.D. Fla. May 4, 2016); *Sena v. Uber Techs., Inc.,* 2016 WL 1376445, (D. Az. Apr. 7, 2016).

The few arguments that Plaintiff does muster are wholly unpersuasive.

First, Plaintiff's argument that the arbitration agreement is unconscionable solely and improperly relies on the decision in *O'Connor v. Uber Techs., Inc.*, 150 F. Supp. 3d 1095 (N.D. Cal. 2015). Not only does Plaintiff mischaracterize the decision as one of "this Court" (it is not), but the logic underpinning *O'Connor* was later repudiated by the Ninth Circuit in *Mohamed v. Uber Techs., Inc.*, 848 F.3d 1201, 1211 (9th Cir. 2016). In *Mohamed*, the Ninth Circuit reversed a ruling by the *same* district court judge that issued the *O'Connor* ruling and found that Defendant's arbitration agreements, identical in virtually all material respects to the arbitration agreement at issue here, was enforceable. *Id.* Thus, the Ninth Circuit's specific reversal in *Mohamed* on unconscionability – the very point Plaintiff relies on *O'Connor* for here – is particularly instructive. *Id.* (denying *en banc* review, and finding that the "district court's holding on unconscionability was

3

erroneous" and ignored Ninth Circuit precedent). *O'Connor* thus poses no obstacle to arbitration.[1]

Second, the general principle that arbitration agreements cannot erase substantive rights is inapposite here. As noted by *Gilmer*, which Plaintiff cites but misconstrues, nothing about arbitration itself is inconsistent with the assertion of statutory discrimination claims. *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 27 (1991) ("Plaintiff argues . . . that compulsory arbitration of ADEA claims pursuant to arbitration agreements would be inconsistent with the statutory framework and purposes of the ADEA. Like the Court of Appeals, we disagree.") Plaintiff fails to describe a single alleged statutory right that could not be vindicated in arbitration here.

Third, Plaintiff's argument that the arbitration agreement does not cover the dispute here is internally inconsistent and unsupported. The Federal Arbitration Act dictates that "any doubts concerning the scope of arbitrable issues" should be decided "in favor of arbitration." M*oses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983). However, there is no need to apply this presumption here. Plaintiff concedes that the language describing the scope of the arbitration agreement is phrased in the broadest possible terms. Pl.'s Opp., ECF No. 6 at 8-9. Plaintiff also concedes that the agreement *specifically* references the very law at issue here – the Americans With Disabilities Act – as a covered claim. *Id.* Given those concessions, there is no basis for Plaintiff to claim that the arbitration agreement does not cover his dispute.

---

[1] Plaintiff's opposition also generally claims that where an agreement contains multiple unconscionable provisions it should be held unenforceable, but notably fails to identify even a *single* specific unconscionable provision in the agreement. *See* Pl.'s Opp., ECF No. 6 at 7-8.

Plaintiff also cites no authority in support of his novel proposition that there is a contradiction created by the fact that the agreement establishes Plaintiff as an independent contractor while also providing for arbitration of employment claims. Even if this issue were not expressly reserved for the arbitrator (and it is), Plaintiff's argument would still be unavailing, where, as here, Plaintiff nevertheless inappropriately brings claims under laws reserved for employees. *See* Def.'s Mot., ECF No. 3 at 8-9 (collecting cases where, contrary to Plaintiff's position, courts have enforced the arbitration agreement although underlying claims were based on alleged employee status).

Therefore, Defendant respectfully requests that this Court follow the many courts that have enforced the arbitration agreement, grant Defendant's motion, and dismiss this action. *See* Def.'s Mot., ECF No. 3 at 8-9 (reciting decisions).

Respectfully submitted,

*/s/ Paul C. Lantis*

Paul C. Lantis
**LITTLER MENDELSON, P.C.**
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA 19102.1321
267.402.3000 (t)
267.402-3131 (f)

*Attorneys for Defendant*
UBER TECHNOLOGIES, INC.

Date: March 21, 2017

**CERTIFICATE OF SERVICE**

I, Paul C. Lantis, hereby certify that on this 21st day of March, 2017, I caused the foregoing **Reply Brief in Further Support of Motion to Dismiss** to be filed via the Electronic Case Filing (ECF) System and the document is available for viewing and downloading from the ECF System to the following attorney of record who has consented to electronic service:

Caroline Hope Miller, Esquire
Derek Smith Law Group, PLLC
1845 Walnut Street, Suite 1600
Philadelphia, Pennsylvania 19103

*Attorneys for Plaintiff*

*/s/ Paul C. Lantis*
PAUL C. LANTIS